## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## CINCINNATI DIVISION

| | |
|---|---|
| In Re: | Case No. 21-12124 |
| Monica Hill | Chapter 13 |
| Debtor. | Judge Jeffery P. Hopkins |

### AMENDED OBJECTION TO CHAPTER 13 PLAN

U.S. Bank Trust National Association, as Trustee of the Bungalow Series IV Trust ("Creditor"), by and through their undersigned counsel, hereby objects to the Debtor's Chapter 13 Plan filed in the above referenced case.

1. U.S. Bank Trust National Association, as Trustee of the Bungalow Series IV Trust is a creditor of the Debtor with respect to a certain indebtedness secured by a security interest in the real property located at 2680 PIERSON RD., REILY TOWNSHIP, OH 45056 (the "Property").

2. On or about September 30, 2008, the Debtor executed and delivered to Taylor, Bean & Whitaker Mortgage Corp., a Note in the amount of One Hundred and Fourteen Thousand Two Hundred Seventy-Five Dollars ($114,275.00), plus interest at the rate of 6.50% per annum to be paid over fifteen (15) years. A copy of the Note is attached as Exhibit A and incorporated herein.

3. To secure the repayment of the sums due under the Note, the Debtor and Non-filing Co-Debtor, Ricky Hill, executed and delivered to Mortgage Electronic Registration Systems, Inc. as nominee for Taylor, Bean & Whitaker Mortgage Corp., relating to the Property described as:

THE FOLLOWING REAL PROPERTY SITUATED IN AND BEING A PART OF SECTION 12, TOWN 4, RANGE 1 REILY TOWNSHIP, BUTLER COUNTY, OHIO, AND BEING DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE CENTER LINE OF THE PIERSON ROAD SOUTH 1° 6' WEST A DISTANCE OF 225 FEET FROM THE INTERSECTION OF THE CENTER LINE OF THE PIERSON ROAD AND THE CENTER LINE OF THE STILLWELL BECKET ROAD, THENCE CONTINUING ALONG THE CENTER LINE OF THE PEIRSON ROAD, SOUTH 1° 6' WEST A DISTANCE OF 95 FEET; THENCE SOUTH 76° 6' EAST A DISTANCE OF 180.55 FEET; THENCE NORTH 1° 6' EAST A DISTANCE OF 135 FEET; THENCE NORTH 88° 55' WEST A DISTANCE OF 176 FEET TO THE POINT OF BEGINNING, CONTAINING .465 ACRES OF LAND, MORE OR LESS (E.E. ERICKSON #2828) AND SUBJECT TO LEGAL RIGHT OF PIERSON ROAD.

DEED REFERENCE: O.R.BOOK 7264 PAGE 18

PARCEL NO. J4310-012-000-037.

> which has the address of 2680 PIERSON RD., REILY TOWNSHIP, OH 45056. The Mortgage was recorded in Butler County, Ohio on October 09, 2008. A copy of the Mortgage is attached as Exhibit B and incorporated herein.

4. The Mortgage was later assigned to BAC Home Loans Servicing, L.P., fka, Countrywide Home Loans Servicing, L.P. A copy of the Assignment is attached as Exhibit C and incorporated herein.

5. The Mortgage was later assigned to Secretary of Housing and Urban Development. A copy of the Assignment is attached as Exhibit D and incorporated herein.

6. The Mortgage was later assigned to Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-13. A copy of the Assignment is attached as Exhibit E and incorporated herein.

7. The Mortgage was later assigned to U.S. Bank Trust National Association, as Trustee of the IGLOO Series IV Trust. A copy of the Assignment is attached as Exhibit F and incorporated herein.

8. The Mortgage was later assigned to U.S. Bank Trust National Association, as Trustee of the BUNGALOW Series IV Trust. A copy of the Assignment is attached as Exhibit G and incorporated herein.

9. Creditor has filed a Motion to Dismiss Case and for Order Barring Debtor from Refiling for 180 days. Cause exists to grant the Motion.

10. As of the date of the service of this pleading, the Debtor is due for the July 01, 2019 payment and all amounts coming due since that date.

11. As of the date of the service of this pleading, the estimated default is $43,925.64, including missed payments, and other fees and expenses.

12. As of the date of the service of this pleading, the estimated payoff is $70,136.26.

13. The Debtor values the property at $64,000.00 per her filed Schedule A.

14. That within the preceding years, the following three Chapter 13 bankruptcy cases, which were filed by Debtor (individually, a "Prior Case"), were pending and were dismissed:

| Case Number | Chapter | Date of Dismissal | Basis for Dismissal |
|---|---|---|---|
| 21-10326 | 13 | 07/19/2021 | Filed 02/17/2021, Dismissed for Failure to make plan payments |
| 17-14359 | 13 | 01/03/2020 | Filed 12/07/2017, Dismissed for Failure to make plan payments |
| 12-14810 | 13 | 10/28/2014 | Filed 09/04/2012, Dismissed for Failure to make plan payments |

15. The Debtor has had either no intent or ability to maintain a successful case, and is repeatedly filing bankruptcy after bankruptcy for the sole purpose of frustrating Movant's attempts to foreclose on the subject property. These filings are causing Movant to engage counsel and accumulate fees.

16. According to 11 U.S.C. §1307(c)(1), "[O]n request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including … unreasonable delay by the debtor that is prejudicial to creditors."

17. According to 11 U.S.C. §105(a), "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." The provisions of 11 U.S.C. § 105 allow for the court to expand upon the time period for precluding another bankruptcy filing. See United States v. Boulware, 604 F.3d 832 (4th Cir. 2010) (Criminal prosecution – 16 prior cases); Cusano v. Klein (In re Cusano), 431 B.R. 726 (B.A.P. 6th Cir. 2010) (2 year prohibition for 3 filings and evidence of bad faith); and Gonzalez-Ruiz v. Doral Fin. Corp. (In re Gonzalez-Ruiz), 341 B.R. 371 (B.A.P. 1st Cir. 2006.) (1 year ban for 4 cases and bad faith).

18. The Debtor's past behavior exhibits an intent to continually file subsequent petitions, clearly to further frustrate her creditors, with neither the intent and/or ability to maintain a successful Chapter 13 Plan.

19. The Debtor, along with non-filing Co-Debtor Ricky Hill, filed her first Chapter 13, case #12-14810, on September 04, 2012. The filed Schedule I indicated that Monica Hill had been working as an LPN for only two years, and the filed Schedule J indicated that both she and Ricky Hill had a combined monthly net income of $2335.67. Movant filed its proof of claim, indicating the large pre-petition arrearage amount of $55,889.48. The case was in trouble from the beginning, and on February 19, 2013, the Trustee filed her first Motion to Dismiss the case for the Debtors' failure to make plan payments. On August 19, 2014, the Trustee filed yet another Motion to Dismiss the case for the Debtors' failure to make plan payments. On October 8, 2014, the case was in fact dismissed.

20. The Debtor filed her second Chapter 13, this time as the sole filing party, on December 07, 2017 as case #17-14359. The Debtor's Schedule I now indicated that she had obtained a new job, and had only been in that job for a little over a year, and the filed Schedule J only indicated a monthly net income of $1329.00. The plan was confirmed on June 27, 2018, and this case was also in trouble from the beginning. On October 16, 2018, the Trustee filed her first Motion to Dismiss the case for Debtor's failure to make plan payments; another Motion to Dismiss the case for Debtor's failure to pay on May 14, 2019; and, yet another Trustee's Motion to Dismiss for failure to pay on September 17, 2019. On October 17, 2019, the Trustee and Debtor entered into an Agreed Order resolving the Motion to Dismiss which

contained a future default provision. On December 30, 2019, the Trustee filed her Notice of Debtor's Failure to Comply pursuant to that Agreed Order. The case was in fact dismissed on January 3, 2020.

21. The Debtor's third Chapter 13, case #21-10326, was filed on February 17, 2021. The Debtor's Schedule I now indicated that she had held yet another new job as an RN for only ten months, and her filed Schedule J indicated that her monthly net income was only $568.32 per month. The case was never confirmed, the Debtor never made any plan payments, and four months after filing, on June 21, 2021, the Trustee filed her Motion to Dismiss the case for the Debtor's failure to make plan payments. The case was in fact dismissed on July 19, 2021.

22. Now, the Debtor has filed her fourth Chapter 13, case number 21-12124, on October 01, 2021, less than three months after the prior case dismissal. Over nine years have passed since the Debtor's first Chapter 13 filing, and the Debtor's pre-petition arrearage is not significantly lower. The Debtor's filed Schedule I fails to indicate how long she has been in her current position as a "Nurse", but she now claims $2,030.53 a month in net income per her filed Schedule J. This is less than the combined $2335.67 in net income indicated in the Debtor's first bankruptcy that failed. It is clear that the Debtor has not been able to, and is still not able to maintain a feasible plan.

23. The abuse being perpetrated upon Movant, other creditors, the Chapter 13 Trustee and this Court must end. Movant believes that a dismissal of the case and a bar to refiling for 180 days would serve to send this message to the Debtor while allowing her the ability to seek bankruptcy protection in the future should she need to do so.

24. In the alternative, should this Court not find cause to grant Creditor's Motion to Dismiss, Creditor believes that the Debtor is attempting to impermissibly modify Creditor's first residential mortgage, and has undervalued the property. Creditor would request permission to perform any necessary full interior and exterior appraisal. Additionally, Creditor would request clarification of who is responsible for paying the forced placed insurance.

25. The Chapter 13 Plan does not adequately protect the Creditor's interest in said Property and should be denied confirmation.

                                                       Respectfully Submitted,

                                                       /s/ Jon J. Lieberman
                                                     Jon J. Lieberman (0058394)
                                                     Sottile & Barile, Attorneys at Law
                                                     394 Wards Corner Road, Suite 180
                                                     Loveland, OH 45140
                                                     Phone: 513.444.4100
                                                     Email: bankruptcy@sottileandbarile.com
                                                     Attorney for Creditor

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Amended Objection to Chapter 13 Plan was served **electronically** on November 11, 2021 through the Court's ECF System on all ECF participants registered in this case at the e-mail address registered with the Court

And by **first class mail** on November 11, 2021 addressed to:

Monica Hill, Debtor
2680 N. Pierson Rd.
Oxford, OH 45056

                                                       /s/ Jon J. Lieberman
                                                     Jon J. Lieberman (0058394)
                                                     Attorney for Creditor